IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONNA DEFREECE, Personal Representative of the Estate of KENNETH DEFREECE, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS, an Insurance Company Doing Business as a Foreign Corporation in Nebraska,<br><br>Defendant. | Case No. 7:17-cv-5008<br><br>**COMPLAINT, JURY DEMAND, AND DESIGNATION OF PLACE OF TRIAL** |

Donna DEFREECE, Plaintiff in the above-captioned matter, by and through her counsel of record, for her cause of action against Defendant, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Donna DeFreece ("DEFREECE") is the duly appointed Personal Representative of the Estate of Kenneth DeFreece, deceased, and is a resident of Kimball, Nebraska.

2.

At the time of his death, Kenneth DeFreece ("KENNETH") was a resident of Kimball, Nebraska.

3.

Defendant Safeco Insurance Company of Illinois ("SAFECO") is a foreign corporation doing business in Nebraska.

4.

The events in question that give rise to this action occurred on October 29, 2014, at the intersection of East 6th Street and South Nadine Street, in Kimball, Kimball County, Nebraska.

5.

As diversity exists between the parties and the cause of action arose in Nebraska, this Court has jurisdiction to hear this matter and venue is appropriate in this Court.

**FACTUAL BACKGROUND**

6.

On October 29, 2014, KENNETH was covered by a policy of insurance; Policy Number Y7969182, issued by SAFECO. KENNETH had paid the premiums for the policy to SAFECO and was a named insured under the policy. The policy included underinsured motorist coverage of $100,000.00 per person.

7.

On October 29, 2014, KENNETH was driving his Chevrolet pickup truck west on East 6th street. As he approached the intersection with South Nadine Street, Sandra Faden was traveling south on South Nadine Street. Faden had a duty to yield the right of way to KENNETH. Faden failed to yield the right of way and collided with KENNETH's pickup truck, causing his truck to be pushed into a nearby field and causing injury to KENNETH.

8.

The October 29, 2014 collision was directly and proximately caused by the negligence of Faden in the following particulars:

    a. Failing to operate a motor vehicle in a reasonable and safe manner;

b. Failing to maintain a reasonable and proper lookout;

c. Failing to yield the right of way;

d. Failing to exercise due care for the safety of others; and

e. In other negligent ways that discovery and evidence may show at trial

9.

As a proximate result of the negligence of Faden as above-described, KENNETH sustained personal injuries and was damaged in the following particulars:

a. Medical expenses which exceeded $627,195.22;

b. Physical disability;

c. Physical pain and suffering;

d. Mental anguish; and

e. Death.

10.

At the time of the October 29, 2014 collision, Faden was insured by Progressive Insurance Company.  Progressive Insurance Company offered the limits of Faden's liability insurance. Plaintiff, in writing, timely notified Defendant SAFECO of the offer.  Plaintiff settled the Estate's claim with Progressive.  Plaintiff complied with the terms of KENNETH's policy with SAFECO regarding notifying SAFECO of the settlement with Faden.

**FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

11.

The settlement proceeds from Faden's insurer are not sufficient to pay Plaintiff the amount that the Estate is legally entitled to recover as a result of the collision described above. Plaintiff is filing this claim seeking compensation for the full amount of the Estate's damages.

12.

Plaintiff is entitled to the full amount of the Estate's damages pursuant to the underinsured coverage Policy Number Y7969182 issued to him by SAFECO. SAFECO has breached its contract with KENNETH and the Estate by failing to pay the same.

## SECOND CAUSE OF ACTION: BAD FAITH

13.

As a result of the relationship between KENNETH and SAFECO, SAFECO has, at all relevant times, owed a fiduciary responsibility to KENNETH and the Estate, and further owes the Estate a duty of good faith with respect to its obligation of investigating, evaluating, and dealing with the Estate.

14.

Despite efforts by Plaintiff to settle this claim for the underinsured motorist coverage, SAFECO has, in bad faith, refused to settle such claim and/or negotiate in good faith.

15.

On June 11, 2015, July 15, 2015, May 11, 2017, and September 28, 2017, Plaintiff provided information requested by SAFECO in accordance with SAFECO's written request, including, but not limited to producing medical bills, medical records, reports from KENNETH's treating physicians, as well as personal information about KENNETH.

16.

In response thereto, SAFECO has engaged in little or no real investigation of Plaintiff's claim. Plaintiff has been forced to file this suit to recover damages to the Estate: the Estate has suffered economic damage as well as non-economic damage proximately caused by SAFECO's bad faith refusal to pay insurance benefits to which the Estate is entitled.

17.

SAFECO's refusal to comply with the terms of its contract of insurance with KENNETH, and SAFECO's refusal to act in good faith in carrying out its fiduciary duty to the Estate, has been done with willful, intentional, and reckless disregard of both the absence of a reasonable basis for denying the Estate's claim and the Estate's damages resulting from the refusal. SAFECO had knowledge of facts showing that no reasonable basis exists for denying the Estate's claim. Under the circumstances, SAFECO should have known that refusing to pay the underinsured motorist coverage, which was provided to KENNETH by virtue of his contract with SAFECO, would cause KENNETH's Estate damage and is inexcusable.

18.

The Estate for its part has fully performed the terms and provisions of the insurance policy with SAFECO and the applicable statutes, including reporting the collision, reporting the settlement offer by Progressive Insurance, and by furnishing SAFECO with records and information as they became available.

19.

This is a suit on an insurance policy for which Plaintiff is a beneficiary; hence, in the event of recovery, Plaintiff is entitled to an award of attorney's fees under NEB. REV. STAT. § 44-359.

**DAMAGES**

20.

WHEREFORE, Plaintiff asks this Court to enter judgment against Defendant SAFECO in these particulars:

a. For all compensatory damages in an amount to which he is entitled by law as a consequence of SAFECO's breach of contract and bad faith;

b. For his costs incurred herein;

c. For attorney's fees as provided in NEB. REV. STAT. §44-359; and

d. For such other and further relief as this Court deems just and proper.

## JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that this matter be tried to a jury in North Platte, Nebraska.

DONNA DEFREECE, Personal Representative of the Estate of KENNETH DEFREECE,

By:   /s/ *Maren Lynn Chaloupka*
Maren Lynn Chaloupka – NSBA # 20864
Sunshine M. Bradshaw – NSBA# 26272
Chaloupka Holyoke Snyder Chaloupka & Longoria, P.C., L.L.O.
1714 2nd Avenue
P.O. Box 2424
Scottsbluff, NE  69363-2424
Telephone:  (308) 635-5000
Facsimile: (308) 635-8000
mlc@chhsclaw.net
smb@chhsclaw.net

*Attorneys for Plaintiff*